RAY H. AND PATRICIA POTTS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2356-87.        Filed May 16, 1988.

*William E. Owen,* for the petitioners.
*Mark E. Bohe,* for the respondent.

---

OPINION

STERRETT, *Chief Judge:*[*] By notice of deficiency dated November 12, 1986, respondent determined a deficiency of $1,565.21 in petitioners' Federal income tax for calendar year 1982. After concessions, the sole issue for decision is whether petitioners, who extracted oil and gas in 1981 and reported gross income therefrom in 1982, must use a percentage depletion rate of 18 percent or 20 percent pursuant to the rate schedule under section 613A(c)(5).[1]

This case was submitted on fully stipulated facts pursuant to Rule 122. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioners Ray H. Potts and Patricia Potts, husband and wife and independent producers of oil and gas, resided in Oklahoma City, Oklahoma, at the time they filed their petition in this case. Petitioners extracted oil and gas in 1981 and, on their joint 1982 Federal income tax return, reported gross income therefrom and claimed percentage depletion at a rate of 20 percent, the applicable percentage depletion rate for 1981 pursuant to the rate schedule under section 613A(c)(5). In his notice of deficiency, however, respondent determined that petitioners, in calculating their percentage depletion allowance, must use a rate of 18 percent, the applicable percentage depletion rate for 1982 under that rate schedule.

Stated more fully, we consider whether petitioners, in calculating their percentage depletion allowance pursuant to section 613A with respect to gross income reported in 1982 on oil and gas extracted in 1981, must use the 1981 rate (20 percent) or the 1982 rate (18 percent) pursuant to the rate schedule under section 613A(c)(5). Respondent contends that, because petitioners reported gross income in 1982 from oil and gas production, the 1982 rate of 18 percent is the applicable percentage for calculating petitioners' percentage depletion allowance. Petitioners, on the other hand, contend that they had "production" of oil and gas in 1981 and, because the columnar heading to the rate schedule

---

[*] By appropriate order, this case was reassigned to the Chief Judge for opinion and decision.

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

under section 613A(c)(5) reads, "In the case of production during the calendar year," that the rate for 1981 of 20 percent is the applicable percentage for calculating their percentage depletion allowance.[2] For the reasons below, however, we agree with respondent.

In general, percentage depletion is not available with respect to gross income from oil and gas wells. Sec. 613(a); see sec. 613A(a). However, certain royalty owners and independent producers of oil and gas may claim percentage depletion allowances with respect to gross income from limited quantities of oil and gas production. Sec. 613A(c). In turn, the royalty owners and independent producers must look to a rate schedule to determine the applicable percentage for calculating the percentage depletion allowance. Sec. 613A(c)(5). In this regard, the rate schedule under section 613A(c)(5) contains a columnar heading that reads: "In the case of *production* during the calendar year [emphasis supplied]," and lists percentage depletion rates that decrease gradually from 22 percent for 1975 to 15 percent for 1984 and thereafter. Sec. 613A(c)(5).[3]

In the present case, petitioners claimed percentage depletion with respect to gross income that they reported in a taxable year (1982) subsequent to the year in which they extracted oil and gas (1981). Consequently, petitioners argue that the word "production," as it appears in the columnar heading to the rate schedule under section 613A(c)(5), means that the year of actual production (1981) determines the applicable percentage depletion rate for their percentage depletion allowance. Indeed, as stated in a concurring opinion:

The year of extraction controls the number of barrels of production with respect to which percentage depletion is allowable (such must be the necessary implication of a yearly depletable oil quantity—see sec. 613A(c)(3)), and it is that same year that determines the appropriate percentage to be applied to such barrels (such is the logical implication of the columnar heading in section 613A(c)(5) which states "In the case of production during the calendar year"). [*Engle v. Commissioner,* 76 T.C. 915, 928 (1981) (Goffe, J., concurring), revd. 677 F.2d 594 (7th Cir. 1982), affd. 464 U.S. 206 (1984).]

---

[2]Portions of sec. 613A(c) relevant to petitioners' argument are set forth in the Appendix at pages 999-1000.

[3]See Appendix at pages 999-1000.

See also *Glass v. Commissioner,* 76 T.C. 949, 960 (1981) (Goffe, J., concurring). In *Engle v. Commissioner, supra,* we held that the taxpayers were not entitled to percentage depletion under section 613A(c) with respect to certain royalty payments that they reported in a taxable year preceding the year in which they actually produced oil and gas. However, the U.S. Supreme Court, affirming the Seventh Circuit's reversal of our opinion in *Engle,* held that, provided extraction eventually occurs, actual production is not a prerequisite under section 613A(c) for the percentage depletion allowance for royalty owners and independent producers of oil and gas, and that percentage depletion therefore is available at some time during the productive life of a lease against the advance royalty or bonus income. *Commissioner v. Engle,* 464 U.S. at 224, 227.

In *Engle,* the Supreme Court did not specifically address whether the actual year of production determines the applicable percentage depletion rate under the rate schedule of section 613A(c)(5). However, fairly read, *Engle* stands for the proposition that the actual year of production is not the determinative factor for percentage depletion matters. For example, the Supreme Court noted in *Engle* that the Commissioner was interpreting section 613A(c) inconsistently to deny the allowance for percentage depletion on income reported in a taxable year prior to production but was interpreting that section "Interestingly enough * * * to permit the allowance when the situation is reversed—when extraction occurs in a taxable year prior to the year in which income is received." *Commissioner v. Engle, supra* at 215 n. 12. The Supreme Court thus permitted percentage depletion on all qualified income arising from the property, regardless of the occurrence of actual production.[4] *Commissioner v. Engle, supra* at 224.

---

[4]As noted above, however, actual extraction must eventually occur and the income must, by some allocation method, be attributable to a production level below the ceiling production levels that Congress established under sec. 613A. *Commissioner v. Engle,* 464 U.S. 206, 224 (1984). We note, however, that Congress, by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 412(a)(1) and (2), 100 Stat. 2227, changed the law with respect to depletion allowable on lease bonuses, advance royalty payments, and other amounts payable without regard to actual production from oil, gas, or geothermal property for amounts received or accrued after Aug. 16, 1988, in taxable years ending after such date. Secs. 613(e)(4) and 613A(d)(5), I.R.C. 1954, as amended.

In the present case, petitioners argue that the year of actual production determines the applicable percentage depletion rate under the rate schedule of section 613A(c)(5). As discussed above, however, determinations regarding percentage depletion allowances are not dependent upon the year of actual production, but upon the year in which the taxpayer reports gross income from oil and gas production. *Commissioner v. Engle, supra* at 225. Because actual production in the year of the receipt of the income is not a prerequisite to the allowances, and because the allowances are available with respect to income received in a taxable year prior to or subsequent to the year of actual production, we conclude, therefore, that petitioners must look to the year in which they reported the gross income (1982), and not the actual year of production (1981), to determine their applicable percentage depletion rate under the rate schedule of section 613A(c)(5).[5] See *Commissioner v. Engle, supra.*

Accordingly, we hold that petitioners must use the 1982 rate of 18 percent, and not the 1981 rate of 20 percent, as the applicable percentage depletion rate under the rate schedule of section 613A(c)(5). To reflect the concessions,

*Decision will be entered under Rule 155.*

---

APPENDIX

Sec. 613A(c) provides in part as follows:

SEC. 613A(c). EXEMPTION FOR INDEPENDENT PRODUCERS AND ROYALTY OWNERS.—

(1) IN GENERAL.—Except as provided in subsection (d), the allowance for depletion under section 611 shall be computed in accordance with section 613 with respect to—

---

[5]Even if we were to accept petitioners' argument concerning the word "production," we are not convinced, based on an examination of the legislative history of sec. 613A, that Congress intended to allow deferrals of income to later years and corresponding offsets to that income from percentage depletion allowances based on the higher rates corresponding to earlier years under sec. 613A(c)(5). See, e.g., Tax Reduction Act of 1975, H. Rept. 94-120 (Conf.) (1975), 1975-1 C.B. 624, 629-630. Thus, although petitioners would like to achieve the deferral and a greater percentage offset, they simply do not convince us that Congress intended such a result. See also Bravenec, "Continued Availability of Percentage Depletion on Oil and Gas," 23 Oil & Gas Q. 204 (1974-75).

(A) so much of the taxpayer's average daily production of domestic crude oil as does not exceed the taxpayer's depletable oil quantity; and

(B) so much of the taxpayer's average daily production of domestic natural gas as does not exceed the taxpayer's depletable natural gas quantity;

and the applicable percentage (determined in accordance with the table contained in paragraph (5)) shall be deemed to be specified in subsection (b) of section 613 for purposes of subsection (a) of that section.

\*    \*    \*    \*    \*    \*    \*

(5) APPLICABLE PERCENTAGE.—For purposes of paragraph (1)—

| In the case of production during the calendar year: | The applicable percentage is: |
| --- | --- |
| 1975 | 22 |
| 1976 | 22 |
| 1977 | 22 |
| 1978 | 22 |
| 1979 | 22 |
| 1980 | 22 |
| 1981 | 20 |
| 1982 | 18 |
| 1983 | 16 |
| 1984 and thereafter | 15 |